# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES WILSON<br>　　Plaintiff<br><br>vs.<br><br>RAYMOND SOBINA,<br>　　Defendant. | C.A.No. 11-51 Erie<br><br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

**II.　REPORT**

**A.　Relevant Procedural History**

Plaintiff, acting pro se, filed this civil action on February 28, 2011, by filing a motion seeking leave to proceed in forma pauperis.

By Order dated March 22, 2010, this Court granted Plaintiff's motion to proceed in forma pauperis and directed him to file his Authorization statement before April 5, 2011. The Order warned that failure to comply would result in the dismissal of the case for failure to prosecute. ECF No. 11. Plaintiff did not file the Authorization statement.

By Order dated May 4, 2011, this Court directed Plaintiff to show cause before May 18, 2011, for his failure to file his Authorization statement. ECF No. 12. Again, the Order warned Plaintiff that his failure to comply would result in the dismissal of this action for failure to

1

prosecute. As of today's date, Plaintiff has failed to file a response to the show cause order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Comp., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter several months ago, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has ignored two orders by this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 2011 WL 635274, at *4 n.7 (3d Cir. Feb.9, 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: June 7, 2011